IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ARTHUR L. HALL, JR.,

    Plaintiff,   No. CIV S-06-1214 MCE PAN (GGH) PS

    vs.

WASHOE TRIBE OF CALIFORNIA   <u>ORDER</u>
& NEVADA, CHAIRMAN & COURT &
CHIEF OF POLICE OF SAID TRIBE,

    Defendants.
_____/

        Plaintiff, proceeding in this action pro se, has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 72-302(c)(21), pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted an affidavit making the showing required by 28 U.S.C. § 1915(a)(1). Plaintiff, currently incarcerated at South Lake Tahoe Jail, has submitted a copy of his May 8, 2006, trust account statement which shows a negative balance of $2.22. Plaintiff avers he has no assets, no cash, no bank accounts, and no income; he last worked September 2005 at a Taco Bell for $7.00/hour, and last received a lump sum social service payment of $400.00 in November 2005. Accordingly, plaintiff's request to proceed in forma pauperis will be granted.

The determination that plaintiff may proceed in forma pauperis does not complete the required inquiry. Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. The complaint must also comply with the general rules of pleading set forth in Fed. R. Civ. P. 8(a), which requires that complaints set forth (1) the grounds upon which the court's jurisdiction rests, (2) a short and plain statement of the claim showing entitlement to relief; and (3) a demand for the relief plaintiff seeks. Additional general grounds for dismissing a proposed complaint are improper form (Fed. R. Civ. P. 10(b)); lack of subject matter jurisdiction (Rule 12(b)(1)); and failure to state a claim upon which relief may be granted (Rule 12(b)(6)).

Pro se pleadings are liberally construed. See Haines v. Kerner, 404 U.S. 519, 520-21, 92 S. Ct. 594, 595-96 (1972); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988). Unless it is clear that no amendment can cure the defect, a pro se litigant proceeding in forma pauperis is entitled to notice and an opportunity to amend the complaint before dismissal. . Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987); Franklin v. Murphy, 745 F.2d 1221, 1230 (9th Cir. 1984).

The complaint challenges the actions of tribal officials and the decisions of a tribal court to remove plaintiff's children from his custody and the custody of the children's mother, and place them in tribal foster care which plaintiff alleges is both inadequate and abusive.

The complaint does not establish this court's subject matter jurisdiction. "A party invoking the federal court's jurisdiction has the burden of proving the actual existence of subject matter jurisdiction." Thompson v. McCombe, 99 F.3d 352, 353 (9th Cir. 1996). Tribal courts have exclusive jurisdiction over child custody proceedings involving Indian children domiciled on reservations. Mississippi Band of Choctaw Indians v. Holyfield, 490 U.S. 30, 109 S. Ct. 1597 (1989); Indian Child Welfare Act of 1978, 25 U.S.C. § 1901-1963. Nontribal child custody

1  matters lie within the jurisdiction of the state courts.  In re Burrus, 136 U.S. 586, 593-594, 10 S.
2  Ct. 850, 853 (1890); Moore v. Sims, 442 U.S. 415, 435, 99 S. Ct. 2371, 2383 (1979); Elk Grove
3  Unified School Dist. v. Newdow, 542 U.S. 1, 12, 124 S. Ct. 2301, 2309 (2004).  Child custody
4  decisions rendered within the exclusive jurisdiction of a tribal court may be challenged in a
5  "court of competent jurisdiction" only "upon a showing that such action violated any provision of
6  [25 U.S.C. ] sections 1911, 1912, and 1913. . . " 25 U.S.C. § 1914.

7       A federal court is a court of limited jurisdiction, and may adjudicate only those
8  cases authorized by the Constitution and by Congress.  See Kokkonen v. Guardian Life Ins. Co,
9  511 U.S. 375, 377, 114 S. Ct. 1673, 1675 (1994). The basic federal jurisdiction statutes, 28
10  U.S.C. §§ 1331 & 1332, confer "federal question" and "diversity" jurisdiction, respectively.
11  Statutes which regulate specific subject matter may also confer federal jurisdiction.  See
12  generally, W.W. Schwarzer, A.W. Tashima & J. Wagstaffe, Federal Civil Procedure Before Trial
13  § 2:5.

14       Plaintiff has failed to meet his burden of demonstrating this court's subject matter
15  jurisdiction, and the court is unable to discern such jurisdiction based on the current pleading.
16  Accordingly, the complaint must be dismissed.

17       The court will, however, grant leave to file an amended complaint.  An amended
18  complaint must be complete in itself without reference to any prior pleading.  E. D. Cal. L. R. 15-
19  220.  The court's jurisdiction, each claim and the involvement of each defendant must be
20  sufficiently alleged in the amended complaint.  Fed. R. Civ. P. 8(a).

21       In accordance with the above, IT IS HEREBY ORDERED that:
22       1.  Plaintiff's request for leave to proceed in forma pauperis is granted;
23       2.  Plaintiff's complaint is dismissed; and
24       3.  Plaintiff is granted thirty days from the date of service of this order to file an
25  amended complaint that complies with the requirements of federal law, the Federal Rules of
26  Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket

1 number assigned this case and must be labeled "Amended Complaint"; plaintiff must file an
2 original and two copies of the amended complaint;
3     4. Failure to file an amended complaint in accordance with this order will result
4 in a recommendation this action be dismissed .
5 DATED: 6/28/06

/s/ Gregory G. Hollows

_____
GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

8 NOW6:HALL.ifp amd cmpt