IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ARTHUR L. HALL, JR.,

    Plaintiff,

vs.

WASHOE TRIBE OF CALIFORNIA
& NEVADA, CHAIRMAN & COURT &
CHIEF OF POLICE OF SAID TRIBE,

    Defendants.

No. CIV S-06-1214 MCE  PAN (GGH) PS

FINDINGS AND RECOMMENDATIONS

    On June 28, 2006, this court granted plaintiff's application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915, but dismissed plaintiff's complaint for lack of subject matter jurisdiction on the ground that tribal courts have exclusive jurisdiction over child custody proceedings involving Indian children domiciled on reservations, Mississippi Band of Choctaw Indians v. Holyfield, 490 U.S. 30, 109 S. Ct. 1597 (1989); Indian Child Welfare Act of 1978, 25 U.S.C. § 1901-1963.

    Plaintiff was granted leave to file an amended complaint within thirty days demonstrating this court's jurisdiction under 25 U.S.C. § 1914, which authorizes Indian children, their parents, and their tribe to petition "any court of competent jurisdiction" to invalidate a state court child custody decision upon a showing that such action violated any

provision of 25 U.S.C. §§ 1911, 1912, or 1913.  See Mississippi Band, 490 U.S. at 39, n. 12, 109 S. Ct. at 1603, n. 12; Doe v. Mann, 415 F.3d 1038, 1047 (9th Cir. 2005).

Plaintiff has since filed three documents.  The first, entitled "Amended Complaint," filed July 17, 2006, challenges the action of the Washoe Tribal Court in removing plaintiff's children from plaintiff's custody and ordering plaintiff to pay for the children's care; plaintiff seeks $753,000,000.00 in damages and the return of his children.  The second "Amended Complaint, Doc. #2," filed July 19, 2006, offers to "drop" defendants Washoe Tribe Police Chief and Chairman and requests removal of this magistrate judge.  The third "Revised Amended Complaint, Doc. #3," filed July 26, 2006, challenges criminal proceedings against plaintiff and his wife by the Washoe Tribal Court, asserts due process violations because plaintiff was not permitted to attend child custody proceedings during his incarceration, and requests appointment of counsel.

None of these documents, read separately or together, challenge a state court action; plaintiff challenges only the actions of the Washoe Tribal Court, which has exclusive jurisdiction over the tribal placement of plaintiff's children.

Plaintiff has failed to meet his burden of demonstrating this court's subject matter jurisdiction, and the court is unable to discern such jurisdiction based on any of the current pleadings.  Dismissal of a pro se complaint without further leave to amend is proper where, as here, it is clear that amendment could not cure its deficiencies.  See, e.g., Franklin v. Murphy, 745 F.2d 1221, 1230 (9th Cir. 1984) (authorizing dismissal after opportunity to amend).

Accordingly, it is hereby RECOMMENDED that this action be dismissed.  Fed. R. Civ. P. 41(b); 28 U.S.C. §§ 1915(e)(2)(B)(ii), (iii); Fed. R. Civ. P. 12(b)(1).

These findings and recommendations are submitted to the Honorable Morrison C. England, Jr., the United States District Judge assigned to this case.  28 U.S.C. § 636(b)(l). Written objections may be filed within ten days after being served with these findings and recommendations.  The document should be captioned "Objections to Magistrate Judge's

1 | Findings and Recommendations." The failure to file objections within the specified time may
2 | waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir.
3 | 1991).
4 | DATED: 8/15/06

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

7 | NOW6:HALL.F&R